EDWARD COSTLEY, alias EDWARD DORSEY *vs.* THE STATE OF MARYLAND.

*Evidence inadmissible on an Indictment for Murder—Motion in Arrest of Judgment in a Criminal case—Mode by which points raised on such Motion are to be taken to the Court of Appeals.*

On an indictment for murder the prisoner's counsel offered to prove by the widow of the murdered man that her husband was jealous of her, and had accused her of being too intimate with other men than the prisoner, and stated to the Court at the time of the offer that he proposed to follow up this proof by evidence tending to prove that the killing for which the prisoner was indicted, grew out of a quarrel between the prisoner and the deceased, occasioned by the deceased having charged the prisoner with being too intimate with the wife of the deceased. HELD:

That the proof offered whether considered by itself or in connection with the evidence with which it was proposed to follow it up, was inadmissible.

It was also HELD:

That the general reputation in the neighborhood that the deceased was jealous of his wife, could not possibly furnish any explanation of the circumstances under which his life was taken, and was therefore not admissible in evidence.

A motion in arrest of judgment after verdict for alleged defects in an indictment for murder, cannot be sustained, such defects being the proper subject of a demurrer. And the only mode of bringing up to the Court of Appeals the points raised by such motion, is by a proceeding in the nature of a writ of error.

APPEAL from the Circuit Court for Frederick County.

The appellant was indicted for the killing of one Solomon Costley, Jr. Two exceptions which are stated in the opinion of the Court, were taken by the traverser.

The jury returned a verdict of guilty of murder in the first degree, and thereupon the traverser moved in arrest of judgment for the following reasons:

1st. Because the verdict is contrary to law.

2nd. Because of manifest errors in the indictment.

3rd. For divers other errors of record, to be made apparent to the Court. This motion the Court overruled, and the traverser appealed.

The cause was argued before BOWIE, STEWART, GRASON, MILLER, ALVEY and ROBINSON, J.

*Frederick J. Nelson,* for the appellant.

*Charles J. M. Gwinn, Attorney General,* for the appellee.

GRASON, J., delivered the opinion of the Court.

Two exceptions were taken to the rulings of the Court below, by which, evidence, proposed to be introduced by the appellant, was excluded from the jury. He offered to prove by the widow of the deceased, that her husband was jealous of her, and had charged her with being too intimate with men other than the appellant, and at the time of making said offer, the appellant stated that he would follow up that proof with evidence tending to prove that the killing, for which he was indicted, was the result of a quarrel between the deceased and himself, caused by the former having charged the latter with being too intimate with his wife.

The State's attorney objected to evidence of the deceased's jealousy of *other men* than the prisoner, being given, and the Court sustained the objection; and hence the first exception. By this ruling, it was only the fact that the deceased was jealous of other men than the prisoner that was excluded. And this fact, thus excluded, was inadmissible whether considered by itself, or in con-

nection with the proof, with which it was proposed to be followed up. The issue to be tried, was whether the appellant had killed the deceased with malice aforethought, and the fact that the party killed was jealous of other men than the appellant, was wholly immaterial to that issue. Even admitting that the deceased was jealous of other men, that fact could furnish no evidence that he had quarrelled with the appellant about the latter's intimacy with his wife ; nor did it tend to explain, or throw any light upon, the facts and circumstances connected with the killing of the deceased. The evidence, sought to be introduced, did not tend to prove that the appellant acted under a reasonable fear that his own life would be taken, or that some grievous bodily harm would be done him by the deceased, or that the killing was the result of an affray with the deceased. It was therefore inadmissible and properly excluded from the consideration of the jury. 1 *Wharton's Crim. Law, sec.* 641.

The general reputation in the neighborhood that the deceased was jealous of his wife, could not possibly furnish any explanation of the circumstances under which his life was taken. It did not tend to show that there had been any quarrel and sudden affray between him and the appellant, or to prove any fact that could have the effect of reducing the degree of the crime charged in the indictment. It was too remote and uncertain to have any effect whatever upon the determination of the issue to be tried, and it was properly rejected.

After verdict, a motion in arrest of judgment was filed, which was based upon alleged defects in the indictment, and it was overruled. The statute provides that no judgment shall be stayed or reversed for any cause which was the subject for a demurrer, and for this reason alone there was no error in the ruling of the Court upon this motion.

We have however examined the indictment, and find it to be in all respects formal and correct. As this is a case

involving the life of a party, we have thought it proper to say what we have said upon this branch of the case, although it is not properly before us for review. The only mode of bringing up to this Court the points raised by motion in arrest, is by a proceeding in the nature of a writ of error.

*Rulings affirmed, and*
*cause remanded.*

